BETSEY RAMSDELL *vs.* ELVERTON P. BUTLER.

*Where equity, and not an action for money had and received, is proper remedy.*

On Nov. 27, 1860, the plaintiff conveyed with covenants of warranty, certain real estate to one J.; but some doubt having been thrown upon the title by a levy of a creditor of the plaintiff's husband, the plaintiff, in accordance with a written agreement with her grantee, deposited with the defendant the consideration money, 'to remain with him as collateral to said warranty for a reasonable and satisfactory time.' On June 27, 1870, the grantee having deceased, and the premises passed to his devisee, the plaintiff demanded the money of the defendant, and, upon refusal to deliver it up, sued him in an action for money had and received; *Held*, that the action was not maintainable; but that a suit in equity was the proper remedy.

ON REPORT.

ASSUMPSIT for money had and received. Writ dated Sept. 20, 1870.

On March 29, 1859, the plaintiff received a conveyance of a certain house and lot of land, and on Nov. 27, 1860, in consideration of $1,000, conveyed the same premises by deed of warranty, to one Hiram Joy, who thereupon entered into possession of, and occupied the premises quietly, until his death in October, 1865, when his widow, as devisee of the estate, entered, and possession has ever since been retained by her, her tenants, and grantee.

On June 24, 1859, a creditor of Wm. Ramsdell, the plaintiff's husband, levied his execution upon a portion of the premises conveyed in the plaintiff's deed to Joy, alleging that the premises were paid for by the plaintiff's husband, but conveyed to the plaintiff in fraud of the husband's creditors. In consequence of the doubt thrown upon the plaintiff's title by the levy, the consideration money received by the plaintiff from Joy was, in pursuance of a written agreement executed by them at the time of the conveyance, together with the agreement deposited with the defendant, ' to re-

Ramsdell *v.* Butler.

main with him as collateral to said warranty, for a reasonable and satisfactory length of time.'

On Dec. 12, 1855, Ramsdell petitioned for a review of the judgment of his creditor satisfied by the levy, obtained a writ of review in Jan., 1860, which was pending when Ramsdell died in the following March. No letters of administration of his estate being taken out, the action of review was finally dismissed.

In Dec., 1865, the judgment creditor commenced a bill in equity against the plaintiff, Mrs. Joy, based upon the levy, for the purpose of enforcing a conveyance of the property levied upon; but the bill was finally dismissed at June term, 1870. Whereupon a certificate of the dismissal, under the hand of the clerk of the court, was presented to the defendant in this action, and the money deposited with him demanded on June 25, 1870, and upon his refusal to pay, this suit was commenced.

The case was reported to the full court, who were to render judgment according to the legal rights of the parties.

*A. W. Paine,* for the plaintiff.

*N. Wilson,* for the defendant.

WALTON, J. This is an action for money had and received. The money came into the defendant's hands in this way:

The plaintiff conveyed a parcel of real estate to one Hiram Joy, with covenants of warranty; and there being some doubt about the title, a creditor of the grantor's husband having levied upon it as his property, it was agreed that the consideration money (a thousand dollars) should be placed in the hands of the defendant, 'to remain with him as collateral to said warranty, for a reasonable and satisfactory length of time.'

The plaintiff contends that the money has remained in the defendant's hands a reasonable length of time, and that being reasonable it should be construed to be satisfactory, and that she is now entitled to recover it in an action for money had and received against the defendant.

It will be noticed that the defendant is a mere depositary or trustee. He has no interest in the money. He holds it for the sole benefit of others. It does not appear that he was authorized to determine how long he should keep the money, nor when it should be given up, nor to which party it should be given. Joy, the original grantee, is now dead, but his widow, to whom he devised the estate, is not willing that the money should be given up. She says it has not been judicially determined that the levy upon the property is not valid, and that there is now the same reason for having the money remain in the defendant's hands as there was for placing it there in the first place.

What, then, was the defendant to do? Was it his duty to surrender this deposit simply because the plaintiff demanded it, when the party for whose security it was placed in his hands forbade his doing so?

We think not. As before remarked, it does not appear that he had any authority to determine to whom the money would eventually belong, or when it should be given up. It was, therefore, no breach of duty on his part to refuse to surrender it to the plaintiff. And without a breach of duty no action can be maintained against him. This is a self-evident proposition, and needs no authorities to support it.

We have been urged to enter into a consideration of the equities of the case as between the plaintiff and the widow of Hiram Joy, and to determine whether or not the levy was valid. It is a sufficient answer to this proposition, that neither the widow, nor the levying creditor, nor those claiming under him, are parties to the suit. It is, therefore, impossible for the court to render a judgment which shall be conclusive upon their rights; and any attempt to do so would be a clear violation of the fundamental maxims upon which justice is administered. The validity of the levy can only be determined in a suit to which those claiming title under it are parties. The interest of Hiram Joy's widow in the money sought to be recovered in this suit can only be determined in a suit to which she is a party.

Ramsdell *v.* Butler.

But suppose the law were otherwise, and we should enter into a consideration of the rights of persons not parties to the suit, and should come to the conclusion that as against them the plaintiff's claim is the best, this would not place the defendant in the wrong. He could not know in advance what the decision of the court would be, and ought not to be made to pay the penalty of a lawsuit for not knowing.

The plaintiff has mistaken her remedy. Her claim, however just, is one which cannot be enforced in a suit against the defendant alone. He is a mere trustee holding the funds for the security of another, and is not, therefore, the real party adversely interested. The proper remedy in such cases is in equity, where all the parties in interest can be made parties to the record, and a judgment rendered that shall do justice to all, and be obligatory upon all. If in a case like this, one of the claimants could sue the trustee, so could the other; and as neither would be a party to the other's suit, a recovery in one would be no bar to a recovery in the other; and in this way, the defendant might, by the verdict of different juries, be compelled to pay double the amount he received, with two bills of cost added. The law does not tolerate the possibility of such a result. *Plaintiff nonsuit.*

APPLETON, C. J.; KENT, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.